## DEUCH v. SEASIDE LODGE.
[S. C. 38 Pac. 337.]

NOTICE OF APPEAL — JURISDICTION — SPECIFICATION OF ERRORS — CODE, § 537. — The grounds of error relied upon on appeal from a judgment in a law action must be specified in the notice of appeal, and such notice must be served on the adverse party before the appellate court can acquire any jurisdiction.   Under section 537 of Hill's Code it is not permissible to file an assignment of errors separately from the notice of appeal, for the errors are not then embodied in the notice.

APPEAL from Clatsop: THOS. A. MCBRIDE, Judge.

This is a proceeding for a writ of mandamus by Wm. Deuch against Seaside Lodge, Number Twelve, of the An-

26 OR.—49.

cient Order of United Workmen brought here by appeal from the judgment of the Circuit Court of Clatsop County, which appeal the defendant moves to dismiss. The record discloses that the plaintiff on October ninth, eighteen hundred and ninety-four, served upon the defendant a notice of appeal from said judgment, in which no grounds of error were specified, and on the same day filed it and an undertaking with the clerk of said court, and two days thereafter filed with said officer an assignment of errors alleged to have been committed by the trial court in rendering said judgment, but failed to serve the same upon the defendant. The transcript of said cause having been filed herein, the defendant submits this motion, and contends that said notice is insufficient to invest this court with jurisdiction of the cause.     DISMISSED.

*Mr. F. D. Winton,* for the motion.

*Mr. Wm. M. LaForce, contra.*

PER CURIAM. The statute requires the appellant to specify in his notice the grounds of error upon which he intends to rely upon appeal from a judgment of the circuit court rendered in an action at law: Hill's Code, § 537. The assignment of errors in a notice of appeal from a judgment rendered in an action at law is the pleading, and the service of such a notice upon the respondent is the process which confers upon the appellate tribunal jurisdiction of the person of the respondent and subject matter of the action. What the statute has required is a condition precedent to the right of appeal, and the failure to specify in the notice the grounds of error upon which the appellant intended to rely upon appeal, gave this court no jurisdiction of the subject matter, and for this reason the appeal is dismissed.     DISMISSED.